IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, ) </br> ) </br> ) </br> Plaintiffs, ) </br> ) </br> v. ) </br> ) </br> U.S. ENVIRONMENTAL PROTECTION ) </br> AGENCY, ANNIE HOLT, GARY BENTZ, ) </br> CONNIE BENTZ, and CAP LLP, ) </br> ) </br> Defendants. | Civil Action No. 13-1212 </br> Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

As evidenced by this Court's Order permitting service (Docket No. [6]), and upon consideration of the Plaintiff's Motion for Judge Nora Barry Fischer to Recuse Herself from This and Any Other Case Involving Plaintiff (Docket No. [4]) and accompanying Brief (Docket No. [5]), said Motion IS DENIED, without prejudice.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In this case, Plaintiff Jacquelyn N'Jai filed claims on August 22, 2013 for negligence and for negligent infliction of emotional distress against Defendants the U.S. Environmental Protection Agency ("EPA"), Annie Holt, Gary Bentz, Connie Bentz, and CAP LLP. (Docket No. [1-1], at 2). These claims arise from allegations related to Plaintiff's previous housing situation, and harms that she claims to have suffered because of Defendants' actions. *Id.* On September 4, 2013, Plaintiff filed the pending Motion and attached Affidavit, seeking recusal of the undersigned Judge, along with a supporting Brief. (Docket Nos. [4], [5]).

1

Plaintiff asserts that this Judge should recuse "on the basis of obvious impropriety," (Docket No. [4], ¶ 16), claiming that this Judge acted with bias towards her in previous cases by, *inter alia*, issuing adverse rulings, treating Plaintiff in a hostile manner, and raising the pleading standard for *pro se* litigants. (Docket No. [4], at 1–2, ¶¶ 1–12 (listing Plaintiff's grounds for seeking recusal)). Although Plaintiff does not explicitly express as much, the inference underlying her Motion is that this Judge will act with bias towards her in this present case.

In her Motion, Plaintiff draws heavily on arguments she made in a prior case, *N'Jai v. Pittsburgh Board of Public Education*, in which this Judge also denied a motion to recuse. *N'Jai v. Pittsburgh Bd. of Pub. Ed.*, No. 2:10-cv-01323 (W.D. Pa. Feb. 9, 2011), ECF No. 37. Upon appeal, the Court of Appeals for the Third Circuit ruled that this Court had not abused its discretion in denying Plaintiff's motion. *N'Jai v. Pittsburgh Bd. of Pub. Ed.*, 487 Fed. App'x. 735, 738 (3d Cir. 2012).

## II. LEGAL ANALYSIS

Plaintiff's Motion does not cite the statutory basis for recusal, so this Court will consider both possible statutory bases, 28 U.S.C. § 144 and 28 U.S.C. § 455. Although the legal standard of recusal is the same under each provision—bias—the provisions differ slightly.

Section 144 requires federal district court judges to recuse if a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009). Section 455 applies regardless of whether a party files a formal motion and affidavit for recusal, and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a

2

party." 28 U.S.C. § 455(b)(1).

The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either § 144 or § 455 "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 544, 554 (1994). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000). The Circuit recently reinforced the point that disqualification and recusal should not be methods of "judge shop[ping]." *In re Earl A. Pondexter*, No. 13-3451, 2013 WL 5229973, at *1 (3d Cir. Sept. 18, 2013). In order to establish the level of bias necessary to require recusal, facts that arose during the course of litigation are usually insufficient. Generally, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker*, 274 F. App'x 116, 117 (3d Cir. 2007).

Applied to this case, Plaintiff has not met the standard for recusal under either § 144 or under § 455. First, under § 144, although Plaintiff did timely file this Motion seeking recusal, and included a document titled "Affidavit" that apparently incorporates, by reference, the allegations set forth within the Motion, the Affidavit is insufficient. Plaintiff has not submitted any objective, factual assertions that would indicate bias. Instead, Plaintiff's proffered grounds for recusal amount to conclusions and opinions that derive from prior litigation, and therefore will not trigger recusal under § 144. *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009).

Second, recusal is also not required under § 455's objective standard. As explained, Plaintiff's arguments are all rooted in previous legal proceedings, including contacts with the Court and unfavorable rulings. (Docket No. [4], at 2). She raises no allegations of bias that have an extrajudicial source, and also fails to assert facts indicating that this Judge holds a deep-seated antagonism that would prevent fair adjudication.

Furthermore, this Court finds it significant that Plaintiff's allegations were all included in her arguments to the Third Circuit in *N'Jai v. Pittsburgh Board of Public Education*. *See* Appellant's Informal Brief, No. 11-3320 (3d Cir. Jan. 21, 2012), ECF Doc. 003110783923.

In its opinion, the Third Circuit explained,

> [T]he District Court did not abuse its discretion in denying N'Jai's request for recusal. . . . N'Jai alleged that Judge Fischer was biased because she had ruled against her in a previous case. We have held, however, that an unfavorable ruling is not a basis for recusal. *Securacomm Consulting, Inc.*, 224 F.3d at 278. In addition, recusal was not warranted based on the inquiry from a deputy in Judge Fischer's chambers to an attorney for the NAACP regarding the status of a pleading. *Cf. In re Kensington Int'l. Ltd.*, 368 F.3d 289, 305 (3d Cir. 2004) ("We do not hold that ex parte communications alone—in the absence of any conflict of interest—require recusal.").

*N'Jai v. Pittsburgh Bd. of Pub. Ed.*, 487 Fed. App'x. 735, 738 (3d Cir. 2012). The Third Circuit's ruling that recusal was not required in that case bolsters this Court's conclusion that recusal is not required now.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion [4] is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

4

Dated: September 25, 2013

cc/ecf: All counsel of record

Jacquelyn B. N'Jai
P.O. Box 10133
Pittsburgh, PA 15232
(regular and certified mail)