# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 13-1212 |
| | ) Judge Nora Barry Fischer |
| US ENVIRONMENTAL PROTECTION | ) |
| AGENCY, ANNIE HOYT, GARY BENTZ, | ) |
| CONNIE BENTZ, and C.A. BENTZ LLP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 5th day of June, 2014, upon consideration of the Motion to Set Aside Default Judgment filed by Defendants Gary Bentz, Connie Bentz, and C.A. Bentz, LLP (collectively, "the Bentz Defendants"), and all related briefings, (Docket Nos. [48]; [52]; [55]; [57]), the Court having held a hearing and oral argument on this matter, (Docket No. [58]), and considered Plaintiff's supplemental memorandum filed on May 27, 2014, (Docket No. [60]), and the Bentz Defendants' Affidavit filed the same day, (Docket No. [61]),

IT IS HEREBY ORDERED that the Bentz Defendants' Motion to Set Aside Default Judgment [48] is GRANTED, and the Default Judgment (Docket No. [32]) entered against the Bentz Defendants is hereby opened. *See* FED. R. CIV. P. 55(c), 60(b) (permitting court to set aside default judgment based on parties' "mistake, inadvertence, surprise, or excusable neglect"); *Agnew v. E*Trade Sec. LLC*, 811 F. Supp. 2d 1177, 1183 (E.D. Pa. 2011) (applying a four-factor test examining: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by setting aside the default; (3) whether the default resulted from the defendant's own culpable conduct; and (4) whether alternative sanctions would be effective)

(citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)); *Choice Hotels Int'l, Inc. v. Pennave Assoc. Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000) ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice.") (citing *Duncan v. Speech*, 162 F.R.D. 43, 45 (E.D. Pa. 1995)); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3d Cir. 1982) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

IT IS FURTHER ORDERED that the following sanctions shall be imposed on the Bentz Defendants:

1. The Bentz Defendants are precluded from filing a Motion to Dismiss, given the delays caused by their dilatoriness. The Bentz Defendants shall file their Answer(s) to Plaintiff's Second Amended Complaint [11] by **June 25, 2014**.

2. The Court may order the Bentz Defendants to reimburse Plaintiff for costs that she actually incurred directly as a result of the Bentz Defendants' delay in filing a responsive pleading, including the costs of filing for default and default judgment and the briefings related to the Bentz Defendants' Motion to Set Aside Default [48]. Accordingly, these costs must have accrued on or since **December 30, 2013**, which is the date that the Bentz Defendants' answer or responsive pleading was initially due. (Docket Nos. 19–21). Because Plaintiff is proceeding *pro se*, she may not be awarded attorney's fees. *Gomez v. Markley*, Civ. No. 07-868, 2011 WL 112886, *3 (W.D. Pa. Jan. 13, 2011) (Fischer, J.). Plaintiff shall submit proof and supporting receipts for costs incurred by **June 25, 2014**.

3. In light of Plaintiff's request for early mediation and/or a settlement conference, (Docket No. 60 at 7), the Court's current docket, the Court's proclivity to ADR, (*See* https://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/adr.cfm), and the interests of justice, the parties shall be referred to prompt mediation upon the filing of the Bentz Defendants' Answer, the costs of which—including the mediator's fees—shall be borne by the Bentz Defendants. Counsel for the Bentz Defendants and Plaintiff shall agree on a neutral, and then complete the Stipulation Selecting ADR Process, attached at Exhibit A, consistent with this Order. Said Stipulation shall be filed by **July 3, 2014 at 12:00 p.m**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record.

Jacquelyn B. N'Jai
P.O. Box 10133
Pittsburgh, PA 15232
(regular and certified mail)