IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 13-1212 |
| | ) Judge Nora Barry Fischer |
| US ENVIRONMENTAL PROTECTION | ) |
| AGENCY, ANNIE HOYT, GARY BENTZ, | ) |
| CONNIE BENTZ, and C.A. BENTZ LLP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 20th day of November, 2014, in light of Plaintiff's Motion to Amend Amended Complaint [96], the parties' respective Rule 26(f) Reports [97], [98],[1] Defendants Gary and Connie Bentz's Response and Motion to Strike Plaintiff's Motion to Amend Amended Complaint [102], Defendant CA Bentz, LLP's Response to Plaintiff's Motion to Amend Amended Complaint [103], and Plaintiff's Response to Defendants' Response [105], Defendants Gary and Connie Bentz's Response in Opposition [107], their Brief in Support of same [108], and Defendant CA Bentz, LLP's Response [110],

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED, in part, and DENIED, in part, as set forth herein. As background and in support of this Order, the Court first notes:

After a responsive pleading has been served, a party may amend the complaint only with leave of court or by written consent of the adverse party. FED.R.CIV.P. 15(a). In June 2014, both sets of remaining Defendants filed Answers. (Docket Nos. 66, 69). Within the contemplation of Rule 15(a), an Answer is a responsive pleading. *See* FED.R.CIV.P. 12(a); *see also Jonathan H. v.*

---

[1] In her Rule 26(f) Report, Plaintiff avers that she wants to add parties and claims, (Docket No. 97), and Defendants' Rule 26(f) Report establishes that should she file same, they wish to file a Rule 12(b) motion. (Docket No. 98). As such, the Court considered same in its disposition of Plaintiff's Motion to Amend, (Docket No. 96).

1

*The Souderton Area Sch. Dist.*, 562 F.3d 527, 529 (3d Cir. 2009); *Varner v. Jin*, 2013 WL 2146993 (W.D. Pa. May 16, 2013). Here, Plaintiff has not obtained the consent of the adverse parties and indeed, both the Bentz Defendants and their real estate partnership Defendant C.A. Bentz LLP have responded in opposition to Plaintiff's Motion to Amend. (Docket Nos. (102, 103, 107, 108). Thus, Plaintiff may file a Third Amended Complaint only by leave of Court.

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *See Graham v. Progressive Direct Insurance Co.*, 271 F.R.D. 112, 118 (W.D.Pa. 2010) (J. Fischer). As this Court has not issued a scheduling order setting forth deadlines for amendments to the pleadings, Rule 15(a) controls.

Under Rule 15(a)(2), leave to amend the pleadings should be "freely granted when justice so requires." FED.R.CIV.P. 15(a)(2). "[M]otions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004), and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204; *see also Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'"). However, in this Circuit, prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991).

In light of the above and the procedural posture of this case, this Court does not find that Defendants will be prejudiced by granting Plaintiff leave to amend as set forth in this Memorandum Order. In support of this ruling, the Court notes at the outset that Plaintiff is proceeding *pro se*. As such, pleadings and other submissions by a *pro se* litigants are subject to liberal construction. *Jackson v. Davis*, 2014 WL 3420462 (W.D. Pa. July 14, 2014) (J. Fischer) (citing *Salley v. Secretary Pennsylvania Dept. of Corrections,* 565 F. App'x 77, 81 (3d Cir.2014); *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011)).

However, the Court cautions Plaintiff that, despite her *pro se* status, she must comply with this Court's rules of procedure. *See Sykes v. Blockbuster Video,* 205 F. App'x 961(3d Cir.2006) (*pro se* plaintiff who claimed he did not receive the court's order directing him to comply with the requirements of FED.R.CIV.P. 4 failed to establish "good cause" for failing to effectuate service in a timely manner; plaintiff "was still expected to comply with the rules of procedure, as are all litigants, whether they are represented by counsel or not"); *Soni v. Holtzer,* 2007 WL 38910 *2 (D.N.J. 2007) ("Plaintiff's pro se status does not excuse her from effecting proper service.") (citing *Sykes, supra,* at 961).

Defendants contend that Plaintiff's proposed amendment is in bad faith, will prejudice Defendants or will cause undue delay or dilatoriness. (Docket Nos. 102, 103, 107, 108). Relative to same, the Court first directs the parties' attention to the procedural history of this case. As the parties are well aware, this case was filed over a year ago in August 2013, (Docket No. 1). The Court has yet to hold a Case Management Conference or enter a Case Management Order.[2] This delay is, in large part, due to Defendants' conduct. Specifically, they did not accept service, report the instant claim to their insurance carrier, or promptly secure counsel. In fact, this Court

---

[2] Ordinarily, this Court schedules an initial Case Management Conference "within thirty days after the filing of a responsive pleading, if not sooner." *Practices and Procedures of Judge Nora Barry Fischer*, (eff. 2/5/13) *available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.

has previously found Defendants to be dilatory and imposed sanctions for their delay in filing a responsive pleading.[3] (Docket No. 64).

Moreover, discovery has yet to begin. In an effort to resolve this case, this Court referred the parties to early mediation, which took place on September 2, 2014. (Docket No. 88). At that time, Plaintiff was represented by counsel, who has since withdrawn. (Docket Nos. 85, 86, 91). Plaintiff's desire to amend her complaint is based partly on what allegedly occurred during the mediation, as evidenced in her Motion, (Docket No. 96), and her Rule 26(f) Report, (Docket No. 97). To that end, this Court reminds Plaintiff that the parties shall not disclose any information regarding settlement negotiations and/or mediation on the Court's docket, as settlement discussions are confidential proceedings.[4]

Despite Defendants' arguments to the contrary, "the need for additional discovery does not conclusively establish prejudice." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Permitting Plaintiff to amend her complaint prior to the initiation of discovery does not prejudice them. *See, e.g. Jones v. BFI Waster Services of Pennsylvania, LLC*, 2013 WL 5505285, at *1 (W.D. Pa. Oct. 3, 2013) (finding no undue delay or prejudice in permitting plaintiff to amend complaint six weeks after court's deadline for same); *Vanderhoof-Forschner v.*

---

[3] This Court's June 5, 2014 Order also granted Plaintiff's request for early mediation and/or settlement conference. The parties chose to pursue mediation, with costs to be borne entirely by the Bentz Defendants. (Docket Nos. 64, 78).

[4] *See* 28 U.S.C. § 652 ("each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."); U.S. District Court, Western District of Pennsylvania, ADR Policies & Procedures, Rule 6.A (*eff.* Feb. 1, 2012) https://www.pawd.uscourts.gov/Applications/pawd_adr/Documents/ADRPolicies.pdf, (stating that, with limited exception, all communications and conduct during the ADR process shall be treated as confidential by the parties, the neutral, and the Court); *see also E.E.O.C. v. U.S. Steel Corp.*, 877 F.Supp.2d 278, 293 (W.D.Pa. 2012) (Fischer, J.) ("The Court is also cognizant of the time honored principle that settlement discussions generally remain confidential."); *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 345 (3d Cir. 1986) (recognizing the confidentiality ordinarily afforded to settlement agreements). Moreover, "Federal Rule of Evidence 408 makes compromise offers inadmissible." *See Ward v. Allegheny Ludlum Steel Corp.*, 560 F.2d 579, 581 n. 6 (3d Cir. 1977). This confidentiality is further protected by Pennsylvania's mediation privilege. *See* 42 Pa. Cons.Stat. Ann. § 5949 ("Disclosure of mediation communications and mediation documents may not be required or compelled through discovery or any other process. Mediation communications and mediation documents shall not be admissible as evidence in any action or proceeding, including, but not limited to, a judicial, administrative or arbitration action or proceeding.").

*Vanderhoof*, 2012 WL 2839337, at *6 (D.N.J. July 9, 2012) ("Amending the complaint at this early stage of discovery would allow defendants to resolve all of the issues in the same proceeding, and likely reduce costs for the defendants."). Further, Defendants have counsel, financial means, and insurance coverage to defend against Plaintiff's claims. Nothing in the record demonstrates that the amendments permitted by way of this Order will create any hardship for Defendants.

Based on the above and given the entire record of this case, the Court does not find that Plaintiff has been dilatory, nor is she acting in bad faith. The Court, however, cannot make a finding as to futility at this stage until she amends and files a proper Third Amended Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure.[5]

In light of the foregoing, Plaintiff is granted leave to amend her complaint **only** as follows:

1. She may add a claim under the Residential Lead-Based Paint Hazard Reduction Act, so long as she sets forth same under a specific provision of the Act, so as to give Defendants fair notice and the grounds upon which she intends to plead, and pleads with supporting facts;

2. She may add a claim under Title VI of the Toxic Substances Control Act, so long as she sets forth facts in support of specific violations under the act. The Court notes that, while she does reference 15 U.S.C. § 2619(a)(1)-(2), which permits citizens' civil actions, she fails to cite a specific section of the Toxic Substances Control Act that was violated by Defendants;

---

[5] The Court points Plaintiff to the "Pro Se Package: A Simple Guide to Filing a Civil Action," available in the "Reference Materials" section of this Court's website. She is strongly encouraged to follow the guidelines set forth therein, which are available at https://www.pawd.uscourts.gov/Documents/Forms/PROSE_manual_2009.pdf.

3. She may add a claim for nuisance, so long as she sets forth her grounds for bringing such claim, identifies the legal duty which allegedly has been breached, and supports her allegations with facts;

4. She may add a breach of contract claim, so long as she cites to the specific provisions of the lease which were breached and provides facts to support her claims. She shall also attach to her Amended Complaint as Exhibits any and all leases referenced therein; and

5. She may bring a claim for breach of the implied warranty of habitability and/or a constructive eviction claim, so long as she pleads facts supporting these claims.[6]

Defendants rightfully argue that her proposed amended complaint does not contain the requisite factual support. (Docket No. 102 at 3). The Court reiterates that she needs to support her contentions with facts, not conclusions of law, legal argument, or opinions. Plaintiff's supporting facts must be set forth as to each cause of action she pleads, and she shall not plead additional facts that do not pertain to the above-referenced permitted claims. Despite her *pro se* status, Plaintiff must adhere to the pleading standards as outlined in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, this Court will strike any redundant, immaterial, impertinent, or scandalous matter consistent with FED.R.CIV.P. 12.

Accordingly, Plaintiff's Amended Complaint shall not include:

1. Any claims against or references to any insurance companies, including Traveler's and Erie, as she has no standing to bring same;

---

[6] The Court notes, per Federal Rule of Civil Procedure, statute of limitations defenses must be raised in an Answer. FED.R.CIV.P. 8(c)(1). While the United States Court of Appeals for the Third Circuit permits a defendant to raise the defense by motion under certain circumstances, it has held that if an affirmative defense is not pleaded in an answer, it must be raised at the earliest practicable moment *thereafter*. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (emphasis added).

2. Any claims for insurance coverage, as she likewise has no standing to bring same at this stage of the litigation;

3. Any claims under the Uniform Residential Landlord and Tenant Act. As Defendants correctly point out, neither Pennsylvania nor the federal government have enacted such a law. Any and all references to same will be stricken; or

4. Any claims against the G.W. Bentz, Associates, Inc. entity, as Plaintiff has failed to allege any basis to permit such an amendment.[7]

IT IS FURTHER ORDERED that Plaintiff shall file her Third Amended Complaint **by December 11, 2014**. Defendants' Answers shall be filed **by January 2, 2015**. **There shall be no further motions for leave to amend and/or amendments of the complaint through the conclusion of discovery.** The Court will schedule a Case Management Conference following the filing of Defendants' Answers.

Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record via cm/ecf.

Jacquelyn B. N'Jai
P.O. Box 10133
Pittsburgh, PA  15232
(regular and certified mail)

---

[7] However, should discovery reveal that said entity is an appropriate Defendant, after the conclusion of discovery, she may amend to conform to the evidence pursuant to Federal Rule of Civil Procedure 15 (b)(2). *See, e.g., Werner v. Werner*, 267 F.3d 288, 297 (3d Cir. 2001) (plaintiffs granted leave to amend during pendency of appeal because plaintiffs obtained defendant's meeting minutes after district court dismissed the complaint); *ScanSource, Inc. v. Datavision-Prologix, Inc.*, 2009 WL 973497 (E.D.Pa. Apr. 8, 2009) (amendment allowed to conform to evidence produce by defendant in discovery in aid of execution).