# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELYN B. N'JAI, )
        Plaintiff, )
)
)   Civil Action No. 13-1212
v. )   Hon. Nora Barry Fischer
)
GARY BENTZ, CONNIE BENTZ, and C.A. )
BENTZ LLC, )
)
        Defendants. )
)

### **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion to Compel Original Policies from the Bentz Defendants and Financial Information. (Docket No. 168). In a previous Order dated May 21, 2015, this Court ordered that Plaintiff shall, to the extent she contends Defendant's production of insurance information was deficient, file a Motion to Compel no later than June 5, 2015. (Docket No. 166). The Order also advised that the Motion to Compel must include a Certificate of Conferral and reminded Plaintiff that she must comply with this Court's Orders, Policies, and Procedures. Upon review of Plaintiff's Motion (Docket No. 168) and Defendants' Response (Docket No. 172), Plaintiff's Motion is DENIED without prejudice for the following reasons.

As an initial matter, the Court notes that Defendants have already turned over copies of their insurance policies. *See* (Docket No. 164). Plaintiff has not demonstrated good cause that she needs the original policies. The Court accepts that the copies provided by Defense Counsel are true and correct. This does not foreclose Plaintiff from seeking discovery regarding the authenticity of the

1

insurance policies already provided. However, for now, the Court is satisfied that Defense Counsel have met their Rule 26 obligations.

While timely filed, Plaintiff's Motion fails to comply with this Court's Order in that she has not adequately conferred with Defendants and their counsel. Citing this Court's Practices and Procedures[1], the Order specifically instructed that Plaintiff should "meet" with defense counsel in an attempt to resolve the dispute prior to filing a Motion, and that email communication would not be sufficient. Although Plaintiff's Motion lists a number of interactions she has had with Defendants and their counsel throughout the course of this litigation, Plaintiff has not met with Defendants or their counsel in an attempt to resolve this particular issue. (Docket No. 172 at 1-2). Accordingly, Plaintiff's Motion fails to comply with the Policies and Procedures of this Court, as well as its prior Order.

The Court also notes that Defendants' Motion for Partial Judgment on the Pleadings is currently pending before this Court. (Docket No. 156). Defendants' Motion seeks dismissal of Plaintiff's claims for punitive damages. (*Id.*). While the Court has not yet ruled on Defendants' Motion, should the Court ultimately grant it, Defendants' financial information may no longer be relevant to the case and Plaintiff's Motion to Compel could be moot. *See* (Docket No. 159 at 2) (finding that Defendants' financial information would be relevant for the purpose of determining punitive damages). Defendants are correct in pointing out that denying Plaintiff's Motion to Compel while the Court considers the Motion for Judgment on the Pleadings, would not prevent Plaintiff from continuing Discovery related to causation and damages. Accordingly, Plaintiff's request would

---

[1] "The Court requires that all discovery motions and motions in limine must be accompanied by a certificate of conferral as set forth in Local Rules 16.1.C.4, 37.1 and 37.2. Counsel shall meet and confer in an effort to resolve their disputes prior to filing such motions. E-mail communications are not sufficient." Section II.N, PRACTICES AND PROCEDURES OF JUDGE NORA BARRY FISCHER, (eff. Feb. 5, 2013).

be more properly considered after the Court rules on Defendants' Motion for Partial Judgment on the Pleadings, should Plaintiff ultimately prevail on same.

The Court also finds that Plaintiff's Motion lacks sufficient specificity with regard to Plaintiff's request for disclosure of Defendants' financial information. The Motion asks the Court to compel from Defendants "income tax forms filed or <u>other pertinent financial information</u>, for the years 2008-2012." (Docket No. 168 at 5). Such a request is too vague in part. Defendants cannot be expected to provide any and all "financial information" for a five year period. Should Plaintiff file another Motion to Compel, following a favorable ruling by this Court on Defendants' Motion for Partial Judgment on the Pleadings, Plaintiff shall specify precisely what type(s) of financial information she seeks, so that Defendants may reasonably respond.

AND NOW, this 22th day of June, 2015, for the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Original Policies from the Bentz Defendants and Financial Information, (Docket No. 168), is DENIED without prejudice.

**Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.**

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

    Jacquelyn B. N'Jai
    P.O. Box 10133
    Pittsburgh, PA 15232
    (regular and certified mail)