IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, <br><br> Plaintiff, <br> v. <br><br> GARY BENTZ, CONNIE BENTZ, AND C.A. BENTZ LLC, <br><br> Defendants. | Civil Action No. 13-1212 <br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff Jacquelyn B. N'Jai's ("Plaintiff") Motion in Limine.[1] (Docket No. 175). In her motion, Plaintiff seeks, *inter alia*, an expedited ruling on Defendants' Motion for Judgment on the Pleadings (Docket No. 156), sanctions and default judgment as a result of alleged discovery abuses, and an order compelling the Defendants to respond to various discovery requests.

Subsequent rulings have rendered large portions of Plaintiff's Motion moot. On September 1, 2015, the Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Rule 12(c) Motion. (Docket No. 176). At a hearing held on September 25, 2015, the Court ruled on the majority of the discovery issues presented in Plaintiff's Motion in Limine. (Docket No. 200). The Court also ordered the parties to file additional briefs concerning Plaintiff's request to conduct discovery into Defendants' finances.

---

[1] Although styled a Motion in Limine, Plaintiff's motion can more accurately be characterized as a Motion to Compel.

(*Id*.). The parties having done so, Plaintiff's Motion is now fully ripe for review. (*See* Docket Nos. 187, 195).

The primary remaining issue concerns Plaintiff's request to conduct wealth discovery. Plaintiff has asked the Defendants to turn over documents and answer interrogatories concerning their financial wealth and assets, arguing that this information is pertinent to her demand for punitive damages. (*See* Docket No. 200 at 23-25). Plaintiff supports this request by observing that the Court has already ruled that "[a] factfinder could readily conclude that punitive damages were warranted based on [Plaintiff's] allegations of outrageous and reckless conduct, if proven at trial." (Docket No. 176 at 8).

As noted by the Defendants, however, courts applying Pennsylvania law have consistently required a plaintiff to go beyond the pleadings and make a *prima facia* showing of a right to recover punitive damages before permitting wealth discovery. (Docket No. 183 at 3-4). In *Grabowski v. Levin*, for example, the plaintiff sought "broad-ranging information regarding defendant's holdings in other business, real and personal property, as well as personal bank account records and financial inventories." *Grabowski*, 1990 WL 201320, at *2 (E.D. Pa. Dec. 6, 1990). Plaintiff supported his request by pointing to his claim for punitive damages. *Id*. The Court rejected plaintiff's request, noting that he had not made the requisite "threshold evidentiary showing" as to whether the underlying claim supporting the punitive damage request had "genuine merit, thereby justifying an award of punitive damages." *Id*. The Court opined that financial wealth discovery would be "inappropriately intrusive" in the absence of actual evidence suggesting that the issue of punitive damages might go to the jury. *Id*.

Similarly, in *Open Inns Ltd. v. Carr*, 1996 WL 932089 (Pa. Com. Pl. Aug. 9, 1996), the court held that it would not "require a defendant to respond to interrogatories or other discovery

2

requests relevant only to the amount of punitive damages to be assessed unless and until there is first a showing of evidence to support the allegations upon which the claim for punitive damages is based and a reasonable basis for asserting that such claim will eventually be able to be submitted to a jury." *Id*. at *3. The court rejected the argument that the plaintiff had already made the requisite showing simply by stating a claim for relief in the complaint that survived preliminary scrutiny:

> Plaintiffs assert that it is a sufficient demonstration of the viability of their claim for punitive damages that defendants did not file preliminary objections seeking to strike those claims. Such assertion is ludicrous. One can sue anyone else for anything and draft a complaint which will withstand preliminary objections . . . but the lack of preliminary objections does not at all demonstrate the viability of any of the claims made in the complaint. Plaintiffs may argue that such discovery should be permitted so long as the claim is asserted in the complaint (a position which we would reject) or that they have, in fact, sufficient evidence to demonstrate at least a reasonable possibility, if not actual likelihood, that their claim for punitive damages will get the jury (the showing which we will require) but the mere fact that the defendants didn't file preliminary objections proves nothing more than that the plaintiffs have made averments in their complaint which, if supported by competent evidence, could entitle them to recovery. It supports not at all any contention that there is even a scintilla of such evidence, let alone the quantum of evidence which we will require before permitting discovery on this issue.

*Id*.

Plaintiff responds by citing a handful of cases in which she contends that the courts permitted wealth discovery. *See, e.g.*, *Hutchison v. Luddy*, 870 A.2d 766 (Pa. 2005); *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702 (Pa. 1991); *Bannar v. Miller*, 701 A.2d 232 (Pa. Super. 1997); *Came v. Micou*, 2005 WL 1500978 (M.D. Pa. June 23, 2005); *Riba v. Staar Surgical*, 2003 WL 21961395 (E.D. Pa. June 25, 2003). While each of those decisions addresses the concept of punitive damages in general terms, typically in the context of determining whether sufficient evidence supported a jury award, none of them discusses whether and when financial

information is discoverable. Simply put, Plaintiff has failed to refute the general proposition that financial discovery is not appropriate until there is a reasonable evidentiary basis to suggest that her punitive damages claim will be submitted to a jury. Given that discovery in this action remains ongoing, the Court concludes that it would be unduly intrusive and contrary to Pennsylvania law to require Defendants to provide information concerning their financial wealth at this time. The Court will deny Plaintiff's Motion without prejudice to reassert her request at a later stage in these proceedings if appropriate.[2]

It is so ordered.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 24, 2015

cc/ecf: All counsel of record

    Jacquelyn B. N'Jai
    nj0216@aol.com
    and
    P.O. Box 10133
    Pittsburgh, PA 15232
    (regular mail)

---

[2] To the extent that Plaintiff's Motion seeks sanctions and default judgment for alleged discovery abuses, that portion of the Motion is also denied.