# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1212 |
| | ) Judge Nora Barry Fischer |
| GARY BENTZ, CONNIE BENTZ, AND C.A. BENTZ LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are several motions and requests for relief filed by *pro se* Plaintiff Jacquelyn B. N'Jai ("Plaintiff"). (Docket Nos. 221-224). By way of background, Defendants filed a "Status Report Regarding Subpoenas of Plaintiff's Medical Records" on January 4, 2016. (Docket No. 217). In their report, Defendants stated that they subpoenaed and received Plaintiff's medical records from the four medical providers identified by Plaintiff and contacted a company known as Record Copy Service to subpoena records from Plaintiff's known employers and educators. Id. at 1-2. Defendants indicated that they received responses from the majority of those entities and have provided copies of those responses to Plaintiff. Id. at 2.

In response to that Status Report, Plaintiff filed the following documents:

(1) Counter Response to the Bentz Defendants Misleading Status Report Filed 1/4/2016, Their Abusive Subpoenas and Abuse of Discovery Process (Part 1: Motion). (Docket No. 221).

(2) Memorandum in Support of Plaintiff's Counter Reply to the Bentz Defendants' Gary Bentz, Connie Bentz' Misleading Status Report – Another Motion for Sanctions in the Form of a Default Judgment (Part 2: Evidence). (Docket No. 222).

1

(3) Memorandum in Support of Plaintiff's Counter Reply to the Bentz Defendants' Gary Bentz, Connie Bentz' Misleading Status Report – Another Motion for Sanctions in the Form of a Default Judgment (Part 3: Supportive Facts). (Docket No. 223).

(4) Legal Basis for Plaintiff's Objections and Status Report on Issues and Request for an Emergency Protective Order (Part 4: Brief). (Docket No. 224).

Although not formally styled as motions, Plaintiff's filings request, *inter alia*, that the Court: (1) strike and/or seal the Defendants' January 4, 2016 Status Report; (2) enter a protective order prohibiting the Defendants from harassment, abusive subpoena practices, and unnecessarily invading Plaintiff's privacy by obtaining confidential information; (3) enter sanctions against the Defendants and their attorneys for allegedly abusive conduct; and (4) require the Defendants to answer Plaintiff's own subpoenas for documents relating to purportedly relevant discovery. (Docket No. 221).

Plaintiff raises a host of issues in support of her claims. She asserts that Defendants used threatening language in their subpoenas, failed to provide Plaintiff with an opportunity to object to the subpoenas, sent them to an incorrect address, and solicited responses – in particular, a confidential settlement agreement provided by Imani Christian Academy – that violate the Federal Rules of Evidence. She also suggests that the Defendants improperly subpoenaed records from her current employer in order to harass her.

With respect to Defendants' January 4, 2016 Status Report, Plaintiff contends that Defendants included confidential information in the Report without allowing redactions, falsified her deposition testimony, altered her medical records, and sent an individual who was not an attorney to impersonate defense counsel at conferences. She also objects to Defendant Gary Bentz's refusal to turn over his own medical records through the discovery process.

In addition, Plaintiff devotes a large portion of her filings to general complaints about Defendants' discovery and litigation practices. She contends that the Defendants gave perjured testimony at deposition, were ill-prepared for discovery, falsified documents and affidavits, failed to respond to subpoenas, and that the Defendants allowed their attorneys to act as witnesses and provide answers on their behalf during discovery.

Defendants, in response, categorically deny the vast majority of Plaintiff's allegations. They concede that they accidentally mailed several letters to Plaintiff that contained a typo in the address, but note that all of those letters reached Plaintiff successfully and that she never contacted them to correct the typo. They also acknowledge that Imani Christian Academy accidentally sent them a copy of a confidential settlement that should have remained confidential, but aver that they immediately destroyed the agreement. With respect to the remainder of Plaintiff's allegations, Defendants note that many have already been ruled on by the Court, and others are simply unfounded, unsupported, or premature.

After carefully considering the parties' written submissions, as well as the oral arguments provided at a hearing held on March 24, 2016 (Docket No. 234), the Court will deny each of Plaintiff's requests for relief. Plaintiff has failed to present a compelling reason for the Court to strike or seal the Defendants' January 4, 2016 Status Report or to award sanctions, default judgment, or punitive damages in favor of Plaintiff. Her general allegations of perjury, alteration of documents, and other egregious discovery abuses are unpersuasive. Many of those complaints have already been considered and rejected by the Court, and the rest are frivolous, unsupported, or concern matters that are not germane to this litigation.

Plaintiff's request for a protective order will also be denied. Her most striking allegation in this regard concerns the Settlement Agreement that was inadvertently produced by Imani

Christian Academy during discovery. At the oral hearing, counsel for the Defendants indicated that his law firm promptly notified Plaintiff of the inadvertent disclosure and immediately shredded and digitally erased all copies of those documents prior to anyone viewing them. This response is consistent with the Federal Rules of Civil Procedure, caselaw in this district, and the clawback language contained in this Court's Case Management Order. (Docket No. 126 ¶ 8). See Fed. R. Civ. P. 26(b)(5)(B) (declaring that a party who receives privileged information must "promptly return, sequester, or destroy the specified information and any copies"); Wise v. Washington Cnty., 2013 WL 4829227, at *2 n. 8 (W.D. Pa. Sep. 10, 2013) (citing Rule 26 and noting that a party receiving an inadvertent disclosure must "promptly return, sequester, or destroy" the pertinent documents). As noted by the Court during the oral hearing:

> Under the case management order in this case, Paragraph 8, if one side or the other gets documents that they should not be getting, they have a duty to sequester, which means put that document aside, and/or they have a duty to return the document or in this instance to destroy the document.
>
> So relative to the Imani Academy release, Mr. Murphy did what he was supposed to do under the case management order. Mr. Murphy has told me as an officer of the Court he did not see the release . . . So you do not have a claim against Mr. Hughes, Mr. Bentz, Mrs. Bentz and/or Mr. Murphy over that release being disseminated by Imani.

(Transcript, March 26, 2014, at 45).

Aside from that inadvertent disclosure, Plaintiff's argument that the Defendants are not entitled to conduct discovery concerning Plaintiff's medical and employment history, including her current employer, is unfounded. Plaintiff put her own physical and mental health history at issue by filing this lawsuit, and her employment history is relevant to her claim of lost wages and mitigation of damages. See, e.g., Lopez v. CSX Transp., Inc., 2015 WL 5971682, at *6 (W.D. Pa. Oct. 14, 2015) ("It is well settled that when a plaintiff places his mental health in

4

controversy, his mental health records are subject to discovery . . ."); Hall v. Berdanier, 2013 WL 818603, at * 2 (M.D. Pa. March 5, 2013) (holding that a plaintiff seeking damages for alleged injuries "must allow Defendants access to his medical and mental health records."); Kimes v. University of Scranton, 2015 WL 778376, at *3 (M.D. Pa. Feb. 24, 2015) (noting that employment records are "potentially relevant to issues of damages and Plaintiff's efforts to reasonably mitigate her damages."). The Court finds nothing improper or unduly invasive in Defendants' subpoena practices.

Finally, Plaintiff's request for an order directing the Defendants to provide information concerning Gary Bentz' medical history will be denied. As the Court has previously stated, Gary Bentz' medical history is simply not at issue in this lawsuit.

In short, because Plaintiff has failed to demonstrate that she is entitled to any of the relief requested, her motion will be DENIED.

It is so ordered.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 15, 2016

cc/ecf: All counsel of record

    Jacquelyn B. N'Jai
    nj0216@aol.com
    and
    P.O. Box 10133
    Pittsburgh, PA 15232
    (regular mail)