IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1212 |
| ) | Judge Nora Barry Fischer |
| GARY BENTZ, CONNIE BENTZ, and C.A. ) | |
| BENTZ LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION & ORDER**

### I. BACKGROUND

Presently pending before the Court is *pro se* Plaintiff Jacquelyn B. N'Jai's ("Plaintiff" or "N'Jai") Motion for Peremptory Challenge, (Docket No. 239), and Motion for Reconsideration, which were part of her "Objections to the Memorandum and Order Document #237 Filed 4/15/2016 and Request for Reconsideration." (Docket No. 240).

By way of background, the Court issued a Memorandum Opinion and Order on April 15, 2016, (Docket No. 237), in response to several motions and requests for relief filed by Plaintiff. (Docket Nos. 221, 222, 223, & 224). Subsequently, on May 10, 2016, Plaintiff filed the instant Motion for Peremptory Challenge, (Docket No. 239), asking that her case be reassigned from this Court, and that no additional matters in this case or any other subsequent cases filed by Plaintiff be assigned to this Court.[1] (Docket No. 239 at 1). On the same day, Plaintiff also filed her "Objections to the Memorandum and Order Document #237 Filed 4/15/2016 and Request for Reconsideration," wherein she asks the Court to "revisit" her previous orders. (Docket No. 240 at 5). Also, on the same date, Plaintiff filed a brief in support of her Objections, (Docket No.

---

[1] This Court has presided over a number of matters brought by Plaintiff since 2007. *See* for example, *N'Jai v. Floyd, et al.*, 2:07-cv-1506-NBF; *N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 2:10-cv-1323-NBF.

241), and a "Fact Status Update Regarding the EPA Information That the Bentz Defendants Sought to Have the Court Withhold from Plaintiff." (Docket No. 242).

Defendant CA Bentz, LLC filed a Brief in Opposition to Plaintiff's Motion for Peremptory Challenge and her Objections to the Memorandum on May 23, 2016. (Docket No. 244). On the same day, Defendants Gary and Connie Bentz ("the Bentz Defendants") filed their Response. (Docket No. 245). In turn, Plaintiff filed a "Sur Reply to the Defendants [sic] Motion and Brief in Opposition [Doc. 244 and 245], to Her Peremptory Challenge and Request for Reconsideration Supportive Brief," (Docket No. 249), and the similarly titled, "Sur Reply to the Defendants [sic] Motion and Brief in Opposition [Doc. 244 and 245], to Her Peremptory Challenge and Request for Reconsideration," (Docket No. 250). The first Sur Reply focuses on Plaintiff's Motion for Peremptory Challenge while the second focuses on her Motion for Reconsideration. Therein, she reiterated her previous positions. In accordance with the Court's order, (Docket No. 251), Defendant C.A. Bentz, LLC filed its Response, (Docket No. 255), and the Bentz Defendants filed theirs. (Docket No. 256).

Having considered all of the parties' filings and the relevant authority, Plaintiffs' motions are ripe for disposition. The Court now turns to Plaintiff's Motion for Peremptory Challenge.

II.   PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE

Plaintiff's Motion seeks recusal of this Court from this and any additional cases to be filed by Plaintiff. (Docket No. 239). Plaintiff avers that her motion is based on the entire record, past cases with the Court, and 28 U.S.C. § 455. (Docket No. 239 at 1; Docket No. 249 at 1). In an attached Declaration in Support of Motion for Peremptory Challenge, (Docket No. 239-1), Plaintiff states that this Court is prejudiced against her, and believes that she cannot have a fair and impartial trial hearing before this Court.

While she references 28 U.S.C. § 455 in her Sur Reply, (Docket No. 249 at 1), Plaintiff originally stated that her Motion was based on the "Code of Civil Procedure Section 170.6 {or whatever appropriate Section is for Pennsylvania}."[2] (Docket No. 239 at 1). Therefore, this Court will consider both possible statutory bases, 28 U.S.C. § 144 and 28 U.S.C. § 455. Although the legal standard of recusal is the same under each provision—bias—the provisions differ slightly.

Section 144 requires federal district court judges to recuse if a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. *Hill v. Carpenter,* 323 F. App'x 167, 170 (3d Cir. 2009). Section 455 applies regardless of whether a party files a formal motion and affidavit for recusal, and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either § 144 or § 455 "must stem from an extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 544, 554, (1994). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000). The Circuit reinforced the point that disqualification and recusal should not be methods of "judge shop[ping]." *In re Earl A. Pondexter*, 2013 WL 5229973, at *1 (3d Cir. Sept.

---

[2] The referenced Code of Civil Procedure Section 170.6 is a California statute.

18, 2013). In order to establish the level of bias necessary to require recusal, facts that arise during the course of litigation are usually insufficient. Further, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker,* 274 F. App'x 116, 117 (3d Cir. 2007).

Applied to this case, Plaintiff has not met the standard for recusal under either § 144 or under § 455. First, under § 144, although Plaintiff filed a document titled "Declaration in Support of Motion for Peremptory Challenge," it is a conclusory in nature in that it asserts this Court "is prejudiced against the Plaintiff." Thus, Plaintiff's proffered grounds for recusal do not trigger recusal under § 144. *Hill,* 323 F. App'x at 170.

Second, recusal is not required under § 455's objective standard. Plaintiff's arguments are all rooted in this case and in previous legal proceedings. (Docket No. 239 at 1; Docket No. 249 at 1-6). She raises no allegations of bias that have an extrajudicial source, and also fails to assert facts indicating that this Judge holds a deep-seated antagonism that would prevent fair adjudication. *Atwell,* 274 F. App'x at 117.

The Court of Appeals for the Third Circuit has held,

> [T]he District Court did not abuse its discretion in denying N'Jai's request for recusal. . . . N'Jai alleged that Judge Fischer was biased because she had ruled against her in a previous case. We have held, however, that an unfavorable ruling is not a basis for recusal. *Securacomm Consulting, Inc,* 224 F.3d at 278. In addition, recusal was not warranted based on the inquiry from a deputy in Judge Fischer's chambers to an attorney for the NAACP regarding the status of a pleading. *Cf. In re Kensington Int'l. Ltd.,* 368 F.3d 289, 305 (3d Cir.2004) ("We do not hold that ex parte communications alone—in the absence of any conflict of interest—require recusal.").

*N'Jai v. Pittsburgh Bd. of Pub. Ed.,* 487 F. App'x. 735, 738 (3d Cir. 2012). The Third Circuit's ruling that recusal was not required in a previous case bolsters this Court's conclusion that recusal is not required now.

III. PLAINTIFF'S MOTION FOR RECONSIDERATION

While not specifically styled as such, Plaintiff has essentially brought a Motion for Reconsideration of the Court's April 15, 2016 Memorandum Opinion and Order. (Docket No. 237). "'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D. Pa. 1996).

It is well established that the party seeking reconsideration must show at least one of the following: (1) change in controlling law; (2) availability of new evidence; or (3) need to correct a clear error of law or of fact, or to prevent manifest injustice. *Howard Hess Dental Lab., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). This is a high standard. *Paytas v. Kindred Hosp.—Pittsburgh—North Shore, LLC*, 2014 WL 3420469 at * 2 (W.D. Pa. July 14, 2014) (citing *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004)). Motions for reconsideration should not be used by parties as an attempt to reargue or re-litigate old matters or to express disagreement with a Court's ruling. *See E.E.O.C. v. U.S. Steel Corp.*, 2012 WL 1150799, at *6-7 (W.D. Pa. Apr. 5, 2012) (citations omitted).

In her Objections, Plaintiff contends that she is entitled to relief from this Court's April 15, 2016 Memorandum Opinion and Order; however, she has not shown a change in controlling

law or any manifest errors of law or fact in the Court's rulings. Indeed, Plaintiff has provided the same evidence that was available to the Court and which the Court has previously considered before issuing its April 15, 2016 Memorandum Opinion and Order. (Docket Nos. 240 & 250). Thus, it appears that Plaintiff is trying to relitigate issues the Court has already decided.

Moreover, the Court is given wide discretion to manage its docket and individual cases including discovery. Trial courts exercise "substantial discretion" over discovery. *Stich v. United States,* 730 F.2d 115, 117–18 (3d Cir.1984) ("[T]he conduct of discovery is also committed to the sound discretion of the district court."). Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the court. *Harris v. Pa. Bd. of Prob. & Parole,* 2013 WL 5551206, *2 (M.D. Pa. Oct. 8, 2013) (citing *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 90 (3d Cir.1987)).

Likewise, Rule 1 of the Federal Rules of Civil Procedure, which was amended as of December 1, 2015,[3] provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (2015) (emphasis added). *See Harris v. Kellogg, Brown & Root Servs., Inc.*, 2016 WL 1660203, at *8 (W.D. Pa. Apr. 27, 2016) (Fischer, J.). Of note, all parties agreed to the February 5, 2015 Case Management Order, (Docket No. 126), which outlined a timetable for discovery in this case. The Order was only entered following a Case Management Conference wherein all parties and lead trial counsel participated. (Docket Nos. 124 & 131).

Given the discretion that the Court has over discovery, the mandate to construe and administer the Federal Rules of Civil Procedure in order to ensure a "just, speedy, and

---
[3] The Court notes that the 2015 version of the Federal Rules of Civil Procedure apply to this ongoing action to the extent practicable. *See* FED. R. CIV. P. Refs & Annos (Order of April 29, 2015) ("the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.").

inexpensive determination," the Court's Case Management Order, and for the reasons stated above, the Court will not reconsider its April 15, 2016 Memorandum Opinion and Order.

IV. CONCLUSION

Therefore, Plaintiff's Motion for Peremptory Challenge, (Docket No. 239) and Motion for Reconsideration, which was part of her "Objections to the Memorandum and Order Document #237 Filed 4/15/2016 and Request for Reconsideration," (Docket No. 240), are DENIED, and an Order follows.

V. ORDER

AND NOW, this 14th day of June, 2016, upon consideration of Plaintiff's Motion for Peremptory Challenge, (Docket No. 239); Plaintiff's Objections to the Memorandum and Order Document #237 Filed 4/15/2016 and Request for Reconsideration, (Docket No. 240); Plaintiff's Brief in Support, (Docket No. 241); Plaintiff's Fact Status Update Regarding the EPA Information that the Bentz Defendants Sought to Have the Court Withhold from Plaintiff, (Docket No. 242); Defendant CA Bentz, LLC's Brief in Opposition, (Docket No. 244); the Response of Defendants Gary and Connie Bentz, (Docket No. 245); Plaintiff's Sur Replies to Defendants' Brief and Response in Opposition, (Docket Nos. 249 & 250); Defendant C.A. Bentz, LLC's Response to Plaintiff's Sur-Replies (Docket No. 255); and the Bentz Defendants' Response to Plaintiff's Sur-Replies, (Docket No. 256);

IT IS HEREBY ORDERED that Plaintiff's Motion for Peremptory Challenge, (Docket No. [239]) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration styled as her Objections to the Memorandum and Order Document #237 Filed 4/15/2016 (Docket No. [240]) is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: June 14, 2016

cc/ecf: All counsel of record

    Jacquelyn B. N'Jai
    nj0216@aol.com
    and
    P.O. Box 10133
    Pittsburgh, PA  15232
    (regular mail)