# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-1212 |
| | ) Judge Nora Barry Fischer |
| GARY BENTZ, CONNIE BENTZ, and C.A. BENTZ LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Following consideration of the Motion in Limine to Hold a Daubert or Frye Hearing ("Motion") (Docket No. 282) filed by Jacquelyn B. N'Jai ("Plaintiff"), the Response (Docket No. 284) filed on behalf of Gary Bentz, Connie Bentz, and C.A. Bentz LLC (*collectively* "Defendants"), and the parties' exhibits attached thereto, the Court will GRANT said Motion, in part, and DENY, in part.

### I.  MEMORANDUM

In the Motion presently before the Court, Plaintiff requests a hearing pursuant to either *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). In its Order of August 16, 2016, the Court gave Plaintiff leave to file a Motion in Limine regarding the alleged lack of citations to the record in Defendants' expert reports. (Docket No. 275). The above notwithstanding, Plaintiff takes the liberty of levying a litany of criticisms of Defendants' discovery practices, including failure to include pinpoint citations to evidence used by the experts to support their reports, failure to list all cases in which the experts had previously testified, failure to state the experts' compensation, unprofessional and uncooperative conduct by Defendants' counsel, threats of motions for fees and costs

associated with Plaintiff's "frivolous" discovery requests, deliberate delay of the discovery process, falsification of records produced in discovery, and failure to redact sensitive personal information in medical records which is not pertinent to the instant case. (Docket Nos. 282 and 283).

Plaintiff also asks the Court to grant, in addition to a hearing, provision of all materials required under Federal Rule of Civil Procedure 26(a)(2)(B), sealing of certain records pertaining to her alleged history of smoking, and an injunction against UPMC and the Alma Illery Medical Center in order for her to examine and/or copy medical records she contends were not provided to her pursuant to earlier issued subpoenas. (Docket Nos. 282 and 283). In response, Defendants admit that the experts' reports should have been accompanied by a list of other cases in which they provided their services over the past four years, as well as the compensation received for their services in the instant case. (Docket No. 284 at 3). Nonetheless, Defendants object to the remainder of the Motion as being beyond the scope of the Court's August 16, 2016 Order.

As an initial matter, the Court notes that it is well established that *Frye* was superseded by Federal Rule of Evidence 702, and is no longer applicable to proceedings in federal court. *Daubert*, 509 U.S. at 579. As such, the Court will look only to Rule 702 and *Daubert* to determine whether Plaintiff's request for a hearing on Defendants' expert reports has merit. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Hartle v. FirstEnergy Generation Corp.*, 7 F.Supp.3d 510, 514 (W.D. Pa 2014) (quoting Fed. R. Evid. 702). This language reflects "'a liberal policy of admissibility.'" *Rowland v. Novartis Pharmaceuticals Corp.*, 9 F.Supp.3d 553, 558 (W.D. Pa. 2014) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)). However, the Court must act as a gatekeeper and ensure that proffered evidence is reliable and relevant. *Id.* (citing *Daubert*, 509 U.S. at 589, 597).

To this end, Rule 702 "'embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit.'" *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, 286 F.R.D. 266, 269 (W.D. Pa. 2012) (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)). As long as an expert's opinion rests upon "'good grounds, based on what is known,' it should be tested by the adversary process – competing expert testimony and active cross-examination – rather than excluded from the juror's scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies.'" *Id.* (quoting *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004)).

Currently, Defendants note that Plaintiff has failed to state a basis under the aforementioned standards in *Daubert* for obtaining a hearing. Indeed, Plaintiff's only arguments pertinent to *Daubert* involve nothing more than broad generalizations about Defendants' experts' reliance upon falsified or incomplete medical records.[1] A *Daubert* hearing is not automatically required whenever an objection is raised. *Kerrigan v. Maxon Ind.*, 223 F.Supp.2d 626, 633 (E.D. Pa. 2002) (citing *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999)). Moreover, the decision whether or not to hold a *Daubert* hearing "rests in the sound discretion of the trial court." *Parkinson v. Guidant Corp.*, 315 F.Supp.2d 754, 756 n. 1 (W.D. Pa. 2004) (citing *Padillas*, 186 F.3d at 418). In the instant case, a proper motion for a *Daubert* hearing was not

---

[1] Plaintiff cites no evidence to substantiate such allegations.

made. Based upon the Court's reading of Plaintiff's Motion, a hearing would serve no purpose other than to further delay the progress of this case and add unnecessary expense. Fed. R. Civ. P. 1. Plaintiff's Motion will, therefore, be denied to the extent an evaluation or hearing pursuant to *Daubert* is sought. Should Plaintiff continue to take issue with Defendants' experts' conclusions, and the bases on which they relied, she may question them by deposition[2] or interrogatory, and she may cross-examine them should this matter proceed to trial.

In terms of the information Defendants' experts should include with their reports, Federal Rule of Civil Procedure 26(a)(2)(B) states:

> disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiff correctly observes that she is entitled to a list of all other cases in which – over the previous four years – each expert testified at trial or by deposition, and a statement concerning the compensation each expert received for their services in the instant case.[3] (Docket No. 282 at 4). However, to the extent that Plaintiff seeks to "compel the Defendants to submit each and

---

[2] Incidentally, the Court reminds Plaintiff that "[c]ivil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cnty. Bd. of Educ.*, -- F.App'x --, 2016 WL 3743181 at *4 n. 4 (3d Cir. 2016). Pro se status does not excuse a party's failure to depose witnesses. *Id.* Proceeding *in forma pauperis* does not relieve a party of the duty to pay his or her share of the cost of discovery. *Nusbaum v. MBFG Ltd. P'ship*, 2009 WL 2605320 at *3 (W.D. Pa. Aug. 21, 2009) (Fischer, J.).

[3] Defendants admit as much, and state that this information will be forthcoming. (Docket No. 283 at 3).

every document or citation of documents, for their so called facts, data, degrees of certainties and/or conclusions as well as their specific locations," the Court finds that Plaintiff's resort to Rule 26(a)(2)(B) is unavailing. While courts have interpreted Rule 26(a)(2)(B)(ii) to "include materials that an expert reviews, reflects upon, reads, and/or uses," *Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007), Plaintiff cites no authority indicating that an expert must provide the page and line of each piece of evidence upon which he or she focused. The Court also notes that Defendants have exceeded their obligations pursuant to Rule 26(a)(2)(B(ii) by attempting to accommodate Plaintiff's requests for greater specificity. (*See* Docket No. 283-4 at 6). Thus, the Court will order Defendants to provide the materials required under Rule 26(a)(2)(B)(v) – (vi), but will deny Plaintiff's further requests for relief pursuant to Rule 26(a)(2)(B).

Plaintiff next asks that "the Court seal any statements that are unsubstantiated by strict proof of her allegedly being a smoker, and being advised by a doctor in 2015 of the dangers of smoking," as well as records submitted as attachments to Defendants' Motion for Summary Judgment filed August 19, 2016 and containing "DOB, address, phone numbers, social security numbers, and other privileged information." (Docket Nos. 282 at 5 and 283 at 5). With respect to the statements regarding Plaintiff's history of smoking, the Court will not order these to be sealed. Plaintiff may question the experts by deposition or interrogatory regarding same, and may cross-examine them should this matter proceed to trial. However, with respect to the sensitive personal information displayed – unredacted – in attachments to Defendants' Motion for Summary Judgment (Docket Nos. 277), the Court will issue an Order that Defendants shall file a motion to place under seal those documents in which they failed to redact personal identifiers. Per Local Rule 5.2(G), "[t]he responsibility for redacting these personal identifiers

rests solely with counsel and the parties." *See also* Local Rule 5.2(D) (redaction of personal identifiers).

With respect to Plaintiff's desire for an injunction against UPMC and the Alma Illery Medical Center in order to examine and/or copy medical records, the Court will deny the relief sought. Plaintiff points to no authority under which such an injunction would be appropriate. *See Angino v. BB&T Bank*, 2016 WL 4408835 at *14 (M.D. Pa. June 7, 2016) ("Motions which request preliminary or permanent injunctions seek a special form of relief and require a specific and exacting showing.").

Finally, Plaintiff now asks for an extension of "time for all tests to be done so she can submit a report on her disagnosis [sic] and prognosis and treatment and have accurately correct medical records." (Docket No. 282 at 7). Plaintiff – in essence – seeks to reopen expert discovery, which period was closed on July 29, 2016. (Docket No. 263). This date was itself the second extension from the original end-date of June 18, 2016. (Docket No. 263). Plaintiff has failed to show good cause why another extension should be allowed, particularly when Plaintiff's request for same was not filed for over a month after the close of expert discovery. *See Leboon v. Lancaster Cmty. Ctr. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 984 F.Supp. 891, 915 – 16 (W.D. Pa. 1996). *See also* Section III(B)(1), Practices and Procedures of Judge Nora Barry Fischer. Hence, expert discovery will not be reopened.

Plaintiff similarly attempts to reopen fact discovery by adding witnesses and documents related to her healthcare. (Docket No. 283 at 10). Fact discovery was initially set to close on September 4, 2015 (Docket No. 126), and was most recently extended until February 5, 2016 (Docket No. 216). Plaintiff waited until August 30, 2016 to make this request. Plaintiff has not provided good cause why fact discovery should be reopened; neither has Plaintiff conferred with

opposing counsel or filed a Certificate of Conferral per Section II(N) of this Court's Policies and Procedures. Thus, fact discovery will not be reopened.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion [282] is granted to the extent that Plaintiff seeks the disclosures required pursuant to Rule 26(a)(2)(B)(v) – (vi); said disclosures shall be filed no later than October 7, 2016.

IT IS FURTHER ORDERED that Defendants shall file a motion to place under seal those records attached to their Motion for Summary Judgment [277] in which they failed to adequately redact Plaintiff's sensitive personal information (e.g. date of birth, address, etc.); said motion shall be filed no later than October 7, 2016.

IT IS FURTHER ORDERED that all other relief requested in this Motion is denied.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: September 29, 2016.
cc/ecf: All counsel of record.