IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELYN B. N'JAI,  )
         Plaintiff,  )
     v.  ) Civil Action No. 13-1212
      ) Judge Nora Barry Fischer
GARY BENTZ, CONNIE BENTZ, and C.A. )
BENTZ LLC,  )
         Defendants.  )

**MEMORANDUM OPINION AND ORDER**

Upon consideration of Jacquelyn B. N'Jai's ("Plaintiff") Response (Docket Nos. 271 and 272) to the July 15, 2016 Motion for Summary Judgment by Defendant C.A. Bentz LLC (Docket No. 267), the Court will DENY same to the extent it seeks to rely upon Federal Rule of Civil Procedure 12(c) as a basis to defeat summary judgment.

### I. MEMORANDUM

Presently before the Court is Plaintiff's "MOTION IN OPPOSITION TO DEFENDANT CA BENTZ LLC'S MOTION FOR SUMMARY JUDGMENT" (Docket No. 271)[1] filed in response to the Motion for Summary Judgment of Defendant C.A. Bentz LLC (Docket No. 267) pursuant to this Court's Order of June 30, 2016 (Docket No. 264) setting Defendant C.A. Bentz LLC's summary judgment briefing schedule. Plaintiff also filed an accompanying brief in support (Docket No. 272)[2], the title of which suggests Plaintiff believes that Defendant C.A. Bentz LLC's Motion should be denied because Federal Rule of Civil Procedure 12(c) entitles Plaintiff to judgment on the pleadings. Defendant C.A. Bentz LLC has elected not to file a reply (Docket No. 281).

---

[1] Docket Nos. 271 and 272 hereinafter referred to as Plaintiff's "Response."
[2] *See* Footnote 1, *supra*.

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard for analyzing a motion pursuant to Rule 12(c) does not differ materially from the standard for analyzing a typical motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Zion v. Nassan*, 283 F.R.D. 247, 154 (W.D. Pa. 2012) (citing *Revell v. Port Auth. Of N.Y. & N.J.*, 598 F.3d 129, 134 (3d Cir. 2010); *Christy v. We the People Forms & Serv. Ctrs., USA, Inc.*, 213 F.R.D. 235, 238 (D.N.J. 2003)). The Court, therefore, must view the pleadings in the light most favorable to the non-moving Defendant, and can only grant judgment on the pleadings if – based upon the facts so admitted – Plaintiff is entitled to judgment. *Commerce Nat'l Bank in Lake Worth v. Baron*, 336 F.Supp. 1125, 1126 (E.D. Pa. 1971) (citing *Dyson v. General Motors Corp.*, 298 F.Supp. 1064, 1065-66 (E.D. Pa. 1969)). "For the purposes of the motion, 'all the allegations of the defendant's answer which are well pleaded are taken as true and all averments by the plaintiff which are denied by the defendant are taken as false.'"[3] *Id.* (quoting *M.L. Lee & Co. v. American Cardboard & Packaging Corp.*, 36 F.R.D. 27, 29 (E.D. Pa 1964)). Notwithstanding the above, the Court is sensitive to Plaintiff's *pro se* status, and acknowledges that her Response must be construed liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011).

In the aforementioned Response, Plaintiff's arguments are all grounded in discussion of evidence demonstrating the existence of genuine disputes of allegedly material fact; specifically,

---

[3] For purposes of deciding a motion pursuant to Rule 12(c), the Court generally considers only the complaint, attached exhibits, documents relied upon in the complaint, matters of public record, and other indisputably authentic documents. *Hlista v. Safeguard Prop. LLC*, 649 F.App'x 217 n. 2 (3d Cir. 2016) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004)). Courts have also held that where the pleadings, themselves, are sufficient to withstand dismissal, the non-moving party need not respond to a motion pursuant to Rule 12(c). *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) (citing *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)).

Plaintiff focuses upon whether or not Defendant C.A. Bentz, LLC operated as either a *de jure* or *de facto* corporation during the time period relevant to her claims. (Docket No. 272 at 3 – 13).

However, Plaintiff makes no explicit mention of Rule 12(c), its applicability to the pleadings, or the standard under which any arguments under Rule 12(c) should be analyzed. Plaintiff makes no effort to explain why judgment based solely upon the pleadings is warranted, and would justify denial of the present Motion for Summary Judgment. Plaintiff does not even address relief under Rule 12(c) in her concluding statement: "WHEREAS, For [sic] all of the above relevant reasons averred [sic] by the non-movant, the Bentz Defendants' Motion for Summary Judgment pursuant to F.R.Civ.P. 56, should be striken [sic] and/or denied." (Docket No. 272 at 13). As noted, Plaintiff's arguments stress only the existence of numerous disputes of allegedly material fact. *See Lake v. Aetna Life Ins. Co.*, 54 F.Supp.3d 331, 335 (D.N.J. 2014) (Rule 12(c) motion must be denied where there are clearly issues of material fact).

Due to the lack of any indicia of a Rule 12(c) argument in anything other than name, and because the Court cannot engage in credibility determinations or weighing of evidence at this stage in the litigation, the Court finds that Rule 12(c) is an insufficient basis on which to deny Defendant C.A. Bentz LLC's Motion for Summary Judgment. *See Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (holding that motions for judgement on the pleadings should "not be granted unless the moving party has established that there is no material issue of fact to resolve, and it is entitled to judgment in its favor as a matter of law") (internal citations omitted).

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's Response (Docket Nos. [271] and [272]) to Defendant C.A. Bentz LLC's Motion for Summary Judgment, to the extent same attempts to defeat summary judgment based upon Federal Rule of Civil Procedure 12(c), is denied.

IT IS FURTHER ORDERED that the Court will nonetheless consider the remainder of the Response (Docket Nos. [271] and [272]), to the extent same pertains or attempts to respond to the summary judgment motions still before the Court.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: November 3, 2016.
cc/ecf: All counsel of record.

    Jacquelyn B. N'Jai
    njai.jacquelynb@gmail.com
    and
    P.O. Box 10133
    Pittsburgh, PA 15232
    (regular mail)